Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JENNIFER BOHLMANN, an Individual, VASILIY DANILEVSKIY, an Individual, JULIE GREEN, an Individual, FLORIN HAVRISCIUC, an Individual, NATHAN LEAVITT, an Individual, INNA LEBEDEV, an Individual, IRINA LITVINOVA, an Individual, LUKE SPRADLIN, an Individual, JESLYN HERINCKX, an Individual, MEGAN METZLER, an Individual, ZOILA ELSTON, an Individual, JONATHAN CROSBY, an Individual, MELANIE ELLIS, an Individual, ALI METCALFE, an Individual, TRACEY JOHNSON, an Individual, NATALYA ZHOLNEROVICH, an Individual, MICHAELA MCCLAIN, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, a corporation, and KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, a corporation,<br><br>Defendants. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs, by and through counsel, come before the Court to file this Complaint for

Page 1 –COMPLAINT FOR DAMAGES

Damages against the above-named Defendant. Plaintiffs allege as follows:

## INTRODUCTION

This case centers around the Plaintiffs, former employees of various health care entities owned by Defendant Kaiser, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Portland, Oregon area. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

2.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

3.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic, which began in February of 2020. Each Plaintiff was an exceptional employee, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

4.

In the summer of 2021, the Defendant imposed a COVID-19 vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

5.

Each Plaintiff held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines. Their religious beliefs were in direct conflict with taking the COVID-19 vaccine. Their individual stories are below.

6.

## JENNIFER BOHLMANN

Plaintiff Jennifer Bohlmann was employed as a Licensed Practical Nurse for approximately twenty years by Defendant, in Clackamas, Oregon. She achieved the Sunflower Service Award, always had positive performance reviews and was skilled and proficient in Urology and Urgent Care.

7.

Plaintiff Bohlmann transferred to the Urology Department shortly before the beginning of the pandemic. There was a severe shortage of PPE, and Plaintiff Bohlmann was only given one surgical mask to last the week and a gown that could only be replaced if it became contaminated.

8.

On or about September 1, 2021, Plaintiff Bohlmann applied for a religious exception due to her strongly held Christian beliefs that prevent her from being able to take the COVID-19

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

vaccine. Plaintiff Bohlmann believes that her body is a living temple of the Holy Spirit, and that God forbids her to put certain things in her body, including anything that was created or tested on human cell lines from aborted fetuses. Her exception request was initially accepted, then denied after responding to a second round of questions based on her previous health conditions and choices, not her religious beliefs. Plaintiff Bohlmann was placed on unpaid administrative leave on or about December 5, 2021, and terminated on January 10, 2022.

9.

Prior to being placed on unpaid leave, Plaintiff Bohlmann was subjected to a hostile work environment, with constant bullying and pressure to get the COVID-19 vaccine, despite her religious beliefs and her initial approval of her religious exemption. Plaintiff Bohlmann witnessed conversations between other staff, doctors, and patients about unvaccinated employees, and how they should all be fired or die for refusing the vaccine. Vaccinated employees were given a sticker to place on their badge, therefore singling out those employees who were unvaccinated. Plaintiff Bohlmann has been traumatized by this experience and feels betrayed by Defendant. She worked for Defendant for twenty years, only to be terminated for her religious beliefs, and not be accommodated by Defendant in any manner.

10.

Plaintiff Bohlmann has suffered mental and emotional distress, including stress, worry and anxiety. Although she was able to collect unemployment benefits, she was not able to pursue her career in healthcare and was compelled to start her own business in another field. Plaintiff Bohlmann has been forced to use her retirement and other savings, plus food stamps for her bills and daily needs, and the Oregon Health Plan for her healthcare. Plaintiff Bohlmann has suffered economic damages of at least $295,000.00 and non-economic damages of at least $600,000.00 or an amount to be determined at trial. Plaintiff Bohlmann received a right to sue letter from the EEOC on July 19, 2023.

11.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

## VASILY DANILEVSKIY

Plaintiff Vasily Danilevskiy worked for over five years as an EEG Technologist for Kaiser in Hillsboro, Oregon. Plaintiff Danilevskiy worked throughout the pandemic with COVID-19 patients in the intensive care unit.  Plaintiff Danilevskiy always received excellent reviews and he was commended for his patience, kindness and reassurance towards patients, and received many appreciation letters.

### 12.

On or about August 20, 2021, Plaintiff Danilevskiy submitted a religious exception to decline the COVID-19 vaccine, due to his strongly held Christian religious beliefs.   On or about November 29, 2021, Plaintiff Danilevskiy received denial of his religious exception request, he was placed on unpaid leave, and then terminated on January 10, 2022.  Plaintiff Danilevskiy is the father of seven children, and Defendant's unlawful termination left him without the income to support his family, no health insurance for himself and his family, loss of his life insurance, and sick and vacation benefits. Plaintiff Danilevskiy has had to utilize his credit cards for his daily living expenses, resulting in great debt. Although he received unemployment benefits, he has not been able to obtain new employment and his financial situation has deteriorated, affecting his whole family.

### 13.

Plaintiff Danilevskiy has suffered tremendous mental and emotional distress, anxiety, and insomnia as a consequence of the Defendant's unlawful actions. Plaintiff Danilevskiy suffered past and future economic damages of at least $410,000.00, and non-economic damages of at least $1,200,000.00, or an amount to be determined at trial. Plaintiff Danilevskiy received a right to sue letter from the EEOC on July 19, 2023.

### 14.

## JULIE GREEN

Plaintiff Julie Green was employed for approximately eighteen years as a Phlebotomist at

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

various clinics in Salem, Oregon.  She worked part-time and had direct contact with patients, including COVID-19 positive patients.

15.

Plaintiff Green has deeply held Christian beliefs and filed a request for a religious exception to the vaccine mandate on August 18, 2021, which was initially approved; accordingly, Plaintiff Green kept working. Plaintiff Green subsequently received, and responded to, an email with several follow up questions about her religious exemption request. She continued working for approximately one month before being informed that her religious belief did not fit their vaccination policy, and her request was denied. Plaintiff Green was placed on unpaid leave on or about December 4, 2023, and then terminated.

16.

Plaintiff Green received unemployment benefits and eventually was able to obtain new employment as a caretaker, where her religious exception was accepted and accommodated, but where she earns approximately $10.00 less hourly.

17.

 Plaintiff Green has suffered intense and pervasive emotional distress, worry and anxiety. Plaintiff Green suffered economic damages of at least $100,000.00 in past and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $200,000 or in an amount to be determined at trial. She received a right to sue letter from the EEOC on July 12, 2023.

18.

**FLORIN HAVRISCIUC**

Plaintiff Florin Havrisciuc is a Registered Nurse who was employed by Kaiser for over one year. He received exceptional reviews and received cards from patients grateful for the good care they received. As a bedside nurse, Plaintiff Havrisciuc worked directly with COVID-19 patients and always wore PPE.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

19.

Plaintiff Chubay has deeply held Christian beliefs and applied for a religious exception to the COVID-19 vaccine, which was initially granted. However, on October 22, 2021, Plaintiff Havrisciuc was informed that his application had been denied and he was placed on unpaid leave and subsequently terminated. Plaintiff Havrisciuc was placed under more emotional and financial distress than he had ever experienced.  He had recently purchased a house and planned to propose to his then girlfriend. Plaintiff Havrisciuc immediately lost all his benefits and had to cancel the dental work he was in the process of undergoing. Plaintiff Havrisciuc was forced to seek travel nurse positions and purchase a truck and travel trailer so that he could work as a travel nurse.

.

20.

Plaintiff Havrisciuc has suffered mental and emotional distress including stress, and anxiety. Still to this day he has anxiety that he will be thrown away like trash. The pain and suffering have been tremendous, and he suffers intermittent panic attacks accompanied by mild chest pain. Plaintiff Havrisciuc suffered economic damages of at least $134,000.00 and non-economic damages of at least $250,000.00 or in an amount to be determined at trial. Plaintiff Havrisciuc received a right to sue letter from the EEOC on July 12, 2023.

21.

**NATHAN LEAVITT**

Plaintiff Nathan Leavitt is a web developer who was employed by Kaiser for approximately sixteen years. At the time Plaintiff Leavitt was placed on unpaid leave and terminated, he was working entirely remotely.

22.

On or about September 17, 2021, Plaintiff Leavitt applied for a religious exception to the COVID-19 vaccine due to his deeply held Christian religious beliefs. Plaintiff Leavitt's application was initially approved, but Defendant later asked for a new submission, which he completed and

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

returned. On December 6, 2021, Plaintiff Leavitt was informed his submission had been denied due to "not meeting the standards." He was placed on unpaid leave on December 7, 2021, and terminated on January 10, 2022. Plaintiff Leavitt notified his manager that he was willing to work during the period of his unpaid leave, or alternatively take paid time off. He did not receive a response.

23.

Plaintiff Leavitt suffered mental and emotional distress due to Kaiser's unlawful actions, including depression and ongoing anxiety, insomnia and worry. He felt betrayed and discriminated against for his religious beliefs. Although Plaintiff Leavitt was able to collect unemployment benefits, he was unable to obtain new employment in a professional role for over nine months. Plaintiff Leavitt suffered economic damages of at least $120,000.00 in past and future wage and benefit loss, and non-economic damages of at least $250,000.00 or in an amount to be determined at trial. Plaintiff Leavitt received a right to sue letter from the EEOC on July 20, 2023.

24.

**INNA LEBEDEV**

Plaintiff Inna Lebedev was employed by Defendant for five years, including as a Licensed Practical Nurse, working at Kaiser Sunnybrook. She worked directly with patients and always had great performance reviews.

25.

Plaintiff Lebedev has deeply held Christian religious beliefs that prevent her from taking the COVID-19 vaccine. She believes that the use of fetal cell lines in the development, confirmation or production of the COVID-19 vaccines, would make her morally compromised, as it is an indirect engagement and participation in abortion. Plaintiff Lebedev applied for a religious exception to the vaccine on or about August 4, 2021. In addition, Plaintiff Lebedev submitted a medical exception application as she has a history of severe allergic reactions to unknown allergies. Plaintiff Lebedev was initially informed her religious exception was approved, but her medical

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

exception was denied. After completing another set of questions, Plaintiff Lebedev was informed of her religious application's denial. Plaintiff was placed on unpaid leave on December 3, 2021, and then terminated on January 1, 2021.

26.

Prior to her unpaid leave, Plaintiff Lebedev was subjected to a hostile work environment, where she felt constantly pressured by management and coworkers to obtain the COVID-19 vaccine, and her religious beliefs and her privacy were not respected. Plaintiff Lebedev had co-workers who said that everyone who was not vaccinated should die at home alone, managers who walked around asking who was vaccinated so a sticker would be issued, and patients stating that no one should be a nurse who wasn't vaccinated.

27.

Plaintiff Lebedev has suffered mental and emotional distress, including stress, upset, worry, and anxiety because of Kaiser's unlawful actions. Plaintiff Lebedev's family immigrated to the United States from Ukraine for religious freedom. Her mother was Christian and could not get a job or go to college and was laughed at for being Christian. Plaintiff Lebedev's family fled Ukraine for religious persecution, and she is in disbelief that she got fired for standing up for her sincerely held religious beliefs.

28.

Plaintiff Lebedev lost not only her income and over one hundred hours of sick time, but health insurance for her entire family. Plaintiff Lebedev was able to obtain unemployment benefits but did not find new employment for almost a year, this job has fewer hours and does not offer benefits. Plaintiff Lebedev and husband are still uninsured as they cannot afford health coverage. Plaintiff Lebedev suffered economic damages of at least $120,000.00 in past and future wage and benefit loss, and non-economic damages of at least $350,000.00 or in an amount to be determined at trial. Plaintiff Lebedev received a right to sue letter from the EEOC on July 12, 2023.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

29.

**IRINA LITVINOVA**

Plaintiff Litvinova was employed by Kaiser for approximately thirteen years as a Housekeeper. From 2014 to her termination, she worked at the Kaiser Sunnybrook Medical Office from 6 p.m. to 2:30 a.m. When the pandemic started, the clinic was partially shut down, and Plaintiff Litvinova and her colleagues disinfected the entire building in preparation for COVID-19 patients. For this she received a "hero" badge.

30.

When Kaiser imposed its COVID-19 vaccine mandate, many of Plaintiff's coworkers felt forced to take the vaccine because they were scared of losing their jobs. Plaintiff Litvinova applied for a religious exception to the vaccine on or about August 23, 2021, due to her deeply held Christian beliefs. In 1998 Plaintiff Litvinova moved with her husband and children to the United States, where they received refugee status as they were fleeing religious persecution, and they have all since become citizens.  In Ukraine, Plaintiff Litvinova was denied work and couldn't attend college unless she was a communist. To belong to the communist party, she would have to deny God. Only then would she be given a badge that enabled her to go to college or get a good job. In Ukraine, Plaintiff Litvinova was called a stupid Christian. Plaintiff Litvinova was initially approved, then was denied her religious exception by Kaiser. She was placed on unpaid leave on or about December 4, 2021, and terminated on January 10, 2022.  Plaintiff Litvinova's manager told her to apply for another religious exception but when she tried to access the form, it was closed. Plaintiff Litvinova was, and still is, shocked and appalled that she was terminated for her religious beliefs.

31.

Plaintiff Litvinova has suffered great mental and emotional distress, including stress, shock, worry, and anxiety. Plaintiff Litvinova lost not only her income, vacation and sick leave, but healthcare for herself and her family. She was forced to withdraw her retirement savings

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

and pay the associated tax penalties. Plaintiff Litvinova is still unemployed and despite everything, would like to be rehired back, with her seniority, by Kaiser. Plaintiff Litvinova suffered economic damages of at least $75,500.00 and non-economic damages of at least $225,000.00, or in an amount to be determined at trial. Plaintiff Litvinova received a right to sue letter from the EEOC on July 19, 2023.

32.

## **LUKE SPRADLIN**

Plaintiff Luke Spradlin was employed for five years as a Radiological Technologist by Kaiser at its Westside Medical Center. Plaintiff Spradlin found out, first through a public announcement from Governor Brown, then a few days later from a CDC infectious disease tracer, that he had been exposed to patient zero, the first patient to be diagnosed with COVID-19 in Oregon. Plaintiff Spradlin was not put on leave, as he had been wearing a mask and gloves during his contact with the patient.

33.

Plaintiff Spradlin has deeply held Spiritual religious beliefs.  In accordance with those beliefs, he has refused the influenza vaccine for several years while working at Kaiser. Plaintiff Spradlin applied for a religious exception on September 2, 2021. He was devastated and terrified that his refusal to be vaccinated might end his healthcare career.  Approximately half an hour after he submitted his application, his religious exception request was denied.  Plaintiff Spradlin was placed on unpaid leave on or about October 1, 2023, and was terminated on December 8, 2021.

34.

Plaintiff Spradlin is the sole earner for his family, and this unlawful termination was financially and emotionally devastating. After depleting his savings, Plaintiff Spradlin was forced to withdraw his retirement savings, and suffered all the tax penalties for early withdrawal. Plaintiff Spradlin applied for unemployment, which was initially denied as Kaiser said he was fired for misconduct.  However, after a hearing, Plaintiff Spradlin was awarded benefits. Plaintiff Spradlin

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

was forced to take employment in Construction, before eventually finding a job in his career, in a hospital that accepted his religious exception and allowed him to work.  He is currently working as a traveler on contract with Kaiser Westside Medical Center, his former employer.

35.

As a result of Plaintiff Spradlin's unlawful termination and loss of income, his wife who has a chronic disease, was placed under tremendous stress, worsening her condition. In addition, Plaintiff Spradlin was unable to provide the necessary medical treatment for his horse, necessitating it being euthanized.  Plaintiff Spradlin suffered economic damages of at least $150,000.00 and non-economic damages of at least $450,000.00 or an amount to be determined at trial. Plaintiff Spradlin received a right to sue letter from the EEOC on July 17, 2023.

36.

### JESLYN HERINCKX

Plaintiff Jeslyn Herinckx was employed for ten years with Kaiser as a Registered Nurse at the Westside Medical Center.  She always received excellent reviews and was awarded a Daisy award.

37.

Plaintiff Herinckx applied for a religious exception on or about October 26, 2021, due to her sincerely held Christian beliefs. After initial acceptance, Plaintiff Herinckx's exception was denied.  No accommodation was given, even though there were over twenty advice nurse positions available at the time, which had no contact with patients.  Plaintiff Herinckx was placed on unpaid leave on December 4, 2021, and terminated on January 10, 2022.

38.

Prior to her unpaid leave, Plaintiff Herinckx suffered a hostile work environment, including negative and hostile comments from coworkers, such as unvaccinated people deserved to die and not receive ventilators, and that religious objectors were all lying about their beliefs.

39.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff Herinckx applied for unemployment but was denied. Plaintiff Herinckx filed a grievance with her union and went to mediation with Kaiser and the union. Plaintiff Herinckx had the impression that Kaiser did not know why they had fired her, and the Kaiser representative said he would look into it and get back to Plaintiff Herinckx, but did not. Plaintiff is a single mother and the threat of losing her job, and then the loss of her income and benefits have been devastating. She has suffered great emotional and mental distress, including worry and anxiety. Plaintiff Herinckx did obtain employment at a hospital that accepted her religious exception and allowed her to work, but she could only obtain night shift work, which did not work with her children, so she was forced to resign. Plaintiff Herinckx suffered economic damages of at least $220,000.00 and non-economic damages of at least $500,000.00 or an amount to be determined at trial. Plaintiff Herinckx received a right to sue letter from the EEOC on July 20, 2023.

40.

**MEGAN METZLER**

Plaintiff Megan Metzler worked for Kaiser as a Certified Patient Care Assistant for seven years. She always received excellent annual reviews and loved her job.

41.

Plaintiff Metzler filed an application for a religious exception on or about August 20, 2021, due to her deeply held religious beliefs. Her exception was initially approved but later denied. On October 22, 2021, Plaintiff Metzler was placed on unpaid leave, and she was subsequently terminated on January 10, 2022. During her time on unpaid leave, Plaintiff Metzler received multiple emails from managers at Kaiser posting open shifts and offering double pay.

42.

Plaintiff Metzler was able to receive unemployment benefits but searched for many months before finding new employment. It was almost a year before she found a job, which made it very difficult, not only financially, but also to keep her license current. Her new job pays substantially less, and she cannot afford the cost of medical and dental insurance for herself and

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

her husband. Working for Kaiser, Plaintiff Metzler had health insurance and other benefits.  Due to Kaiser's unlawful actions, Plaintiff Metzler was forced to cash out her retirement savings and borrow money to pay her bills. Plaintiff Metzler suffered tremendous mental and emotional distress including stress, anxiety, depression and nightmares, and she spent many nights praying and crying. She had envisioned herself working for Kaiser until her retirement as she loved her job and took pride in her work. Instead, she feels as if she was discarded, used, insulted and abandoned, having worked through the pandemic, sometimes with limited PPE.  She has never felt more discriminated against in her life, and all because someone did not agree with her beliefs. Plaintiff Metzler suffered economic damages of at least $95,000 and non-economic damages of at least $285,000.00 or an amount to be determined at trial. Plaintiff Metzler received a right to sue letter from the EEOC on July 24, 2023.

43.

## ZOILA ELSTON

Plaintiff Zoila Elston was employed by Kaiser as a Dental Assistant for twenty-two years at the Rockwood Dental Clinic.  Plaintiff Elston has always had excellent performance reviews.

44.

Plaintiff Elston is a practicing Christian and everybody she worked with at Kaiser was aware of this. Plaintiff Elston applied for a religious exception on or about October 11, 2021, due to her deeply held beliefs. Plaintiff Elston's application was denied, and she was placed on unpaid leave on November 5, 2021, and terminated on January 10, 2021.  She was not allowed to use vacation time while on unpaid leave, so had no income.

45.

Plaintiff Elston was able to collect unemployment benefits and eventually found new employment, where the pay and benefits are considerably less. Plaintiff Elston suffered great emotional and mental distress, including depression, insomnia, crying spells, and an increase in her anxiety, resulting in hair loss.  Plaintiff Elston was shocked and dismayed that Kaiser did not

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

respect her religious beliefs. Plaintiff Elston has suffered past and future economic damages of at least $105,00.00 and non-economic damages of at least $100,000.00 or an amount to be determined at trial. Plaintiff Elston received a right to sue letter from the EEOC on July 12, 2023.

46.

### JONATHAN CROSBY

Plaintiff Jonathan Crosby was employed by Kaiser for approximately one year as a Supervisor, Central Sterile Processing. He received frequent kudos and appreciation from employees and management.

47.

On or about August 20, 2021, Plaintiff Crosby filed for a religious exception to the COVID-19 vaccine mandate due to his deeply held Christian beliefs. Plaintiff Crosby's exception request was denied, and he was placed on unpaid leave on December 6, 2021, and terminated on January 10, 2022.

48.

Plaintiff Crosby was immediately concerned that he may not be able to continue in his chosen career. He suffered stress, worry and anxiety that he may lose his home. Plaintiff Crosby suffered economic and non-economic damages to be determined at trial. Plaintiff Herinckx received a right to sue letter from the EEOC on July 26, 2023.

49.

### MELANIE ELLIS

Plaintiff Melanie Ellis worked for twenty-eight years as a Registered Nurse at Kaiser Sunnyside Medical Center. All her performance reviews were excellent, she earned a twenty-five-year service award, and she had almost perfect attendance. As a bedside Registered nurse, she worked with COVID-19 patients.

50.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff Ellis filed for a religious exception on or about August 12, 2021, due to her deeply held Christian religious beliefs. Plaintiff Ellis's exception was initially approved, then denied and she was placed on unpaid leave on November 4, 2021. Plaintiff Ellis had over three hundred hours of vacation time that she was not allowed to use.

51.

Plaintiff Ellis decided to apply for a new religious exception and to her surprise, this was approved. Plaintiff Ellis's manager informed her that she could return to work, even though Human Resources said that she was not supposed to have made another application after being denied and terminated. Plaintiff Ellis returned to work on or about December 8, 2021. However, Plaintiff Ellis suffered enormous stress and worry from her original denial and termination. Plaintiff Ellis suffered economic damages of at least $15,000.00 and non-economic damages of no less than $60,000.00, or an amount to be determined at trial. She received a right to sue letter from the EEOC on July 12, 2023.

52.

**ALI METCALFE**

Plaintiff Ali Metcalfe worked as a Licensed Practical Nurse for over one year at Kaiser Sunnyside Medical Center. She earned Employee of the Month in 2020.

53.

Plaintiff Metcalfe applied for a religious exception to the COVID-19 vaccine on or about September 28, 2021, due to her deeply held Christian beliefs. This request was denied on November 29, 2021, and Plaintiff Metcalfe was placed on unpaid leave, then terminated on January 10, 2022.

54.

Plaintiff Metcalfe had been on maternity leave from July 13, 2021, until December 4, 2021, and had difficulty bonding and caring for her child due to her anxiety and stress around Defendant's vaccine mandate and worry that she would lose her job, income, and benefits. Plaintiff

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Metcalfe was forced into returning to work earlier than planned due to Defendant's threatening emails regarding unpaid leave.  Plaintiff Metcalfe suffered economic and non-economic damages in an amount to be determined at trial.  Plaintiff Metcalfe received a right to sue letter from the EEOC on July 26, 2023.

55.

**TRACEY JOHNSON**

Plaintiff Tracey Johnson was employed for nineteen years as a Registration Representative at Kaiser Sunnybrook. She was also a SEIU Local 49 Steward for her local union.

56.

Plaintiff Johnson applied for a religious exception to the COVID-19 vaccine on August 30, 2021, due to her deeply held Christian beliefs. She believes that human life begins at conception and that abortion is murder and an attack on the work of God.  Therefore, she believes she cannot take any of the COVID-19 vaccines due to the use of aborted fetal cells in the testing or production of these vaccines; to do so would violate her biblically informed conscience.  Plaintiff Johnson was given provisional approval after her third request for an exception. During this period of waiting for approval, Plaintiff suffered harassment and animosity from management and other staff, as she was ostracized and treated as if she was perpetually contagious with COVID-19. This treatment continued after she obtained her provisional approval.

57.

As a SEIU steward for Kaiser, Plaintiff Johnson recognized HIPAA violations and violations of their contract and voiced those concerns. As a result, her workplace became even more hostile.  Plaintiff Johnson was told by her manager that Plaintiff Johnson's computer was being monitored for any staff member that contacted her with any questions regarding union business. Plaintiff Johnson was the Unit-Based Team (UBT) leader for her department and was not allowed to have in-person meetings with co-workers, even though she worked physically close to them every day. She was expected to lead the meeting online in one room, while her coworkers

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

sat in another room.  Plaintiff Johnson did everything she could to protect herself and others, but in the end, it became too much to bear. Her physical and mental health suffered due to the constant hostility from management, the union, and her colleagues. Plaintiff Johnson was targeted due to her religious beliefs and her unvaccinated status.

58.

Due to the constant pressure and discrimination, Plaintiff Johnson resigned from her job. Although she told Kaiser that her resignation was due to her health and those of her parents, she did not tell them it was due to their treatment of her, as she was afraid of retaliation. Due to the decline in her physical and mental health from the treatment she received while working at Kaiser, Plaintiff Johnson has been unable to return to work. She attempted to work but had a panic attack. Plaintiff Johnson has suffered economic and non-economic damages to be determined at trial. Plaintiff Johnson received a right to sue letter from the EEOC on July 31, 2023.

59.

## NATALYA ZHOLNEROVICH

Plaintiff Zholnerovich was employed for eighteen years by Kaiser, as a Phlebotomist. She always received positive annual performance reviews.

60.

On or about August 19, 2021, Plaintiff Zholnerovich applied for a religious exception to the COVID-19 vaccine mandate due to her deeply held Christian beliefs. Plaintiff Zholnerovich believes that abortion is a sin, the use of fetal cells is a sin, and that the vaccines are unclean and taking them would defile her body, which is a temple of God. Her application was denied, and she was placed on unpaid leave on or about November 29, 2021, then terminated on January 10, 2022.

61.

Plaintiff Zholnerovich worked in the evenings for Defendant, as she was attending school. She was approved for an educational program with Kaiser and the SEIU educational fund that reimbursed her tuition payments. Plaintiff Zholnerovich suffered emotional, mental and financial

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

distress due to Defendant's unlawful termination.  She had been a loyal, hard-working employee for eighteen years and the psychological trauma of losing her job was tremendous. Plaintiff Zholnerovich suffered fear, anxiety, and insomnia, together with constant worrying about her finances, school tuition and other bills, and prescription medications that she could no longer get due to loss of her medical coverage. Plaintiff Zholnerovich suffered economic and non-economic damages in an amount to be determined at trial. Plaintiff Zholnerovich received a right to sue letter from the EEOC on July 31, 2023.

62.

**MICHAELA MCCLAIN**

Plaintiff Michaela McClain was employed for over thirteen years as a Registered Nurse at Kaiser's Interstate Ambulatory Surgery Center. She always had great annual performance reviews and received letters and cards of appreciation from patients, her manager and from the Northwest President of Kaiser.

63.

Plaintiff McClain applied for a religious exception to the COVID-19 vaccine on August 23, 2021, due to her deeply held Christian religious beliefs. Plaintiff McClain believes that her body is a living temple of the Holy Spirit, and that God forbids her to put certain things in her body, including anything that was created or tested on human cell lines from aborted fetuses Plaintiff McClain's exception was initially approved, then denied. Plaintiff McClain was placed on unpaid leave on December 5, 2021.  She was not allowed to use any of her earned vacation or sick time during this time.

64.

Plaintiff McClain emailed her Human Resources consultant twice, asking why her exception had been denied, with no response. Plaintiff McClain eventually received a phone call from Human Resources on January 21, 2022.  On February 19, 2022, Plaintiff McClain received

---

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

an email informing her that her exception was now provisionally approved.  She returned to work on February 24, 2022.

65.

During the time Plaintiff McClain was on unpaid leave, she felt abandoned by the company she had worked so hard for. She wasn't sure if she was truly fired as there was no response to her repeated attempts to contact Human Resources. She was only months away from earning full retirement benefits. Plaintiff McClain suffered financial, mental and emotional distress, including insomnia, crying spells, stress, anxiety and worry. She was forced to use most of her savings.  At the end of January 2022, she obtained a small part-time job, with no benefits. Plaintiff McClain lost not only her income, but her ability to work overtime/double pay shifts, the accrual of vacation and sick leave, the accrual of time with Kaiser that goes towards her retirement benefits, her contributions and matching contributions to her retirement account, and her pension.  Plaintiff McClain has suffered $16,000.00 in economic damages and $35,000.00 in non-economic damages.

66.

Until the COVID-19 pandemic unfolded, none of the Plaintiffs sincerely held religious beliefs had caused conflict with their work requirements.

67.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave, followed by termination.

68.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff s were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiffs should have been given reasonable

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

accommodations to continue working for Defendant.

69.

Each of the Plaintiffs has suffered significant economic loss and emotional distress as a consequence of the Defendant's unlawful conduct.

70.

**FIRST CLAIM FOR RELIEF – All Plaintiffs**

**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

71.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

72.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

73.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

74.

Instead of finding reasonable accommodation or set of accommodations to accommodate the Plaintiffs' religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

75.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

76.

**SECOND CLAIM FOR RELIEF- All Plaintiffs**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

77.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

78.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

79.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

80.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

81.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be determined at trial but exceeding $1,000,000.00.

2. Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.

3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 11th day of September, 2023.


JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff