IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JENNIFER BOHLMANN,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **KAISER FOUNDATION HOSPITALS,** *et al.*, <br><br> Defendants. | Case No. 3:23-cv-1322-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case, recommending that this Court grant in part and deny in part Defendants' motion to dismiss. ECF 53. Specifically, Judge Russo recommended dismissal with prejudice of the religious accommodation claims asserted by Plaintiffs Danilevskiy, Green, Havrisciuc, Spradlin, and Elston and denial of Defendants' motion to dismiss the religious accommodation claims asserted by Plaintiffs Leavitt and Herinckx's.[1] Judge Russo also recommended that this Court dismiss all claims alleging disparate treatment, disparate impact, wrongful reduction in pay,

---

[1] Judge Russo also recommended that this Court deny the motion to dismiss regarding Plaintiff Crosby's religious accommodation claims. Plaintiff Crosby, however, has since voluntarily dismissed his claims. *See* ECF 57, 59.

PAGE 1 – ORDER

retaliation, and hostile work environment claims. Plaintiffs do not dispute that all claims other than their religious accommodation claims should be dismissed.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection, to which Defendants responded. Plaintiffs object to the portion of Judge Russo's recommendation that Plaintiffs Danilevskiy, Green, Havrisciuc, Spradlin, and Elston have failed to state a claim. Plaintiffs argue that they have sufficiently pleaded a connection between their beliefs and the vaccine mandate. Defendants respond that Plaintiffs offered only conclusory allegations of "bodily integrity" or a "religious" belief

PAGE 2 – ORDER

requiring an exception to the vaccine, which are insufficient to plead a claim for religious accommodation.

As Judge Russo explained, an allegation that a plaintiff believes that their body is a temple of God, without more, fails to establish religious opposition to the COVID-19 vaccine. *See Cruz v. Kaiser Found. Hosps.*, 773 F. Supp. 3d 1045, 1053 (D. Haw. 2025) ("[W]hile [the plaintiff] alleges that his 'body is a temple of the Holy spirit,' [the plaintiff] does not explain why this belief prohibits him from receiving the COVID-19 vaccine. This is not sufficient to allege a bona fide conflicting religious belief." (citation omitted)) (collecting cases). Similarly, merely invoking a plaintiff's Christian beliefs without explaining how those beliefs conflict with the vaccine mandate is insufficient. *See id.* at 1052-53 (citing cases). Plaintiffs Danilevskiy, Green, Havrisciuc, and Elston's allegations are materially identical to the allegations at issue in *Cruz* that were insufficient to state a claim.

As to Spradlin, although the allegation in the Second Amended Complaint that "he believes that God will protect him from illness and death and taking the COVID-19 vaccine is going against that faith" may be sufficient to plead a sincerely held religious objection, Spradlin did not inform Defendants of this belief. Defendants have filed Spradlin's vaccine exemption request that he submitted to Defendants, which does not identify Spradlin's religion or the specific religious doctrine or teaching that prevents him from receiving a vaccine. *See* ECF 49-4 at 1. The Court "need not accept as true allegations contradicting documents that are referenced in the complaint." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Spradlin's written exemption request contradicts his allegation that he informed Defendant of his specific beliefs. Thus, Spradlin has not sufficiently alleged that he put Defendants on notice of his religious beliefs.

PAGE 3 – ORDER

Plaintiffs do not explicitly object to Judge Russo's recommendation that the claims be dismissed with prejudice. Because Plaintiffs have already filed two amended complaints, including one filed after guidance from the Court on the deficiencies contained in their previously asserted claims, the Court agrees that granting leave to amend would be futile.

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 53. The Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss, ECF 48. The Court dismisses with prejudice the religious accommodation claims asserted by Plaintiffs Danilevskiy, Green, Havrisciuc, Spradlin, and Elston. The Court also dismisses with prejudice the claims of disparate treatment, disparate impact, wrongful reduction in pay, retaliation, and hostile work environment asserted by all Plaintiffs. The Court declines to dismiss the religious accommodation claims asserted by Plaintiffs Leavitt and Herinckx, which shall be the only remaining claims going forward in this action.

**IT IS SO ORDERED.**

DATED this 28th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge